UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE ANN SELLERS,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | Civil No.  08-CV-1584-L(CAB)<br><br>**ORDER ADOPTING REPORT; OVERRULING OBJECTIONS; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [doc. #11]; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [doc. #14]; and REMANDING CASE FOR AN AWARD OF BENEFITS** |

Plaintiff Catherine Sellers, appearing through counsel, filed a civil complaint against defendant Michael Astrue challenging his denial of plaintiff's claim for Social Security benefits. The parties filed cross-motions for summary judgment in this action that were referred to United States Magistrate Judge Cathy Ann Bencivengo for a Report and Recommendation ("Report") pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(c)(1)(c). On February 9, 2010, the magistrate judge filed a Report to which the parties were given an opportunity to file objections to the Report. Defendant filed objections to the Report and plaintiff filed a reply to the objections.

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." *Id*. Under this statute, "the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied*, 124 S. Ct. 238 (2003); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003) (applying *Reyna-Tapia*'s holding to a habeas corpus proceeding).

Here, the magistrate judge recommended granting plaintiff's motion for summary judgment finding the ALJ committed legal error by failing to provide legally sufficient reasons for rejecting the opinions of plaintiff's treating physician and plaintiff's therapist. The magistrate further found that the ALJ's decision was not supported by substantial evidence. In recommending the matter be remanded for an award of benefits, the magistrate judge determined that the record was clear the ALJ would be required to find the claimant disabled if the rejected evidence was credited.

**A.     Procedural and Factual Background**

The Report provides a thorough procedural and factual background which will not be repeated here.

**B.     Defendant's Objections**

In objecting to the Report, defendant contends that the ALJ gave specific and legitimate reasons for discounting treating physician Dr. Alonso's opinion; the ALJ properly dismissed plaintiff's therapist as a lay witness whose opinion was not competent; and even if the Court finds error, the matter should be remanded for further agency proceedings rather than an award of benefits.

    **1.     Dr. Alonso's Opinion**

An ALJ can reject the uncontradicted opinion of a treating or examining doctor if he provides clear and convincing reasons that are supported by substantial reasons for doing so. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ can reject a contradicted treating or examining doctor's opinion only by "providing specific and legitimate reasons that are supported by substantial evidence." *Id.* "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support [the ALJ's] conclusion[,]" considering the

record as a whole.  *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Additionally, when evaluating conflicting medical opinions, the ALJ need not accept doctors' opinions that are brief, conclusory, and inadequately supported by clinical findings.  *Id.*

From late 2005 through January 2008, Margarita Alonso, M.D., a psychiatrist, was plaintiff's treating physician with respect to plaintiff's various mental health disorders.  Throughout her treatment of plaintiff, Dr. Alonso made notes and summaries indicating plaintiff suffered from bipolar disorder, depression, and severe obsessive compulsive disorder ("OCD") for which she prescribed Prozac and other psychiatric medications for plaintiff.  In her treatment notes, Dr. Alonso also commented on plaintiff's marked limitations in activities of daily living, maintaining social functioning and maintaining concentration, persistence or pace.  Although plaintiff experienced times when she was more or less affected by her mental disorders, Dr. Alonso's treatment notes and comments provided consistent statements that plaintiff was severely impacted by her disorders.

The ALJ completely discounted Dr. Alonso's opinions finding that she failed to provide objective evidence to support her findings and plaintiff's noncompliance with taking some medications made Dr. Alonso's opinions as to plaintiff's functional limitation not credible.

      **a.**    **Objective Evidence**

In his decision, the ALJ noted "the record is absent objective evidence, specifically clinical signs and laboratory findings, progress notes, and treatment notes upon which to establish a severe impairment lasting or expected to last 12 continuous months."  (Record at 17.)  The ALJ apparently adopted the opinion of Dr. Bolter, a testifying medical expert, who insisted that Dr. Alonso's treatment records did not contain adequate mental status examinations because they included "check-offs" and the treatment notes were not very detailed.  Record at 65-70.)

Dr. Alonso's treatment notes included some check-off items to mark the severity of plaintiff's symptoms during each of her visits but even a cursory review of Dr. Alonso's treatment notes show they included more than "check-offs" of plaintiff's subjective complaints and instead provided details of plaintiff's mental health issues, noted that her prescriptions might

need to be changed, and discussed her functional limitations.  In her handwritten summary of plaintiff's treatment dated July 2, 2007, Dr. Alonso describes in some detail plaintiff's depression and OCD.  (Record at 364.)   Additionally, Dr. Alonso provided her handwritten observations noting that plaintiff "appears extremely anxious and with psychomotor retardation," and "there was evidence of hypomanic episode during treatment"  (Record at 229, 364.) Although not clear, some of the "check-off" items may also have been the result of Dr. Alonso's direct objective observations of plaintiff, *e.g.,* exhibited emotional lability, flight of ideas, pressure of speech.  (Record at 324.)

It is improper to reject a treating physician's opinion where she provided at least some objective observations in addition to subjective opinions.  *See Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988); *see also* 20 C.F.R. §§ 404.1527, 416.927 (the proper weight that an ALJ should give to a treating physician's opinion depends on whether sufficient data supports the opinion and whether the opinion comports with other evidence in the record); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987) (when the treating physician diagnosed the claimant with depression, set forth clinical observations supporting the diagnosis, and prescribed psychotherapeutic drugs, the ALJ erred in finding that the claimant had not set forth sufficient evidence to substantiate the mental impairment).

Although reporting plaintiff's subjective complaints, Dr. Alonso's psychiatric review forms and her notes accompanying her interactions with plaintiff also provide some objective medical evidence resulting in competent conclusions regarding the presence of plaintiff's mental disorders or conditions and her functional deficits.  Based on the objective evidence in the record, the Court must conclude the ALJ's treatment of Dr. Alonso's opinions was neither free of legal error nor supported by substantial evidence.

        **b.**     **Medication Compliance**

The ALJ dismissed Dr. Alonso's opinions as to plaintiff's functional limitations solely on plaintiff's noncompliance with taking medications:

> [I]n knowing that failure to take thyroid medication will deepen or exacerbate

> depression, the election not to take thyroid medication while opting to take the Prozac appears to be a conscious election and evidence of noncompliance to taking all prescribed medications. The undersigned finds Dr. Alonso, [sic] functional limitations not credible due to the claimant's noncompliance taking all of her psychiatric medication.

(Record at 16.)

This reason for discounting Dr. Alonso's opinion is not supported by the evidence. In fact, it appears the ALJ failed to acknowledge and consider the many notes in the record by plaintiff's treating psychiatrist and therapist that clearly indicate plaintiff's obsessive compulsive disorder ("OCD") caused her to be unable to take medication in pill form, her prescription for Prozac was in liquid form, and she suffered from anxiety taking medication in pill form because she was concerned her medication was contaminated. In a psychiatric disability evaluation, plaintiff reported to Dr. Glassman that she has a fear of pills being contaminated and that her medication needs to be in liquid form because she cannot swallow pills. (Record at 333.)

The record is remarkably consistent in stating it was plaintiff's mental health issues, specifically her OCD, that caused her lack of compliance in taking medication. Moreover, there is nothing in the record to support the ALJ's finding that plaintiff's noncompliance was a "conscious election" that should cause Dr. Alonso's opinions to be discounted.

### c. Conclusion

The ALJ failed to provide specific and legitimate reasons for rejecting plaintiff's treating psychiatrist's opinion. The two reasons the ALJ provides are not supported by substantial evidence. As discussed above, Dr. Alonso provided sufficient mental status evaluations and objective evidence to corroborate her findings and the records entirely support the conclusion that plaintiff's mental health issues caused her to be noncompliant with medications in pill form.

### 2. Thomas DeWildt, LCSW

Mr. DeWildt, a social worker at Psycare, Inc., saw plaintiff two to three times per month from November 2005 through September 2006 but had a long-term therapeutic relationship with plaintiff dating to 2001.

Under Social Security regulations, a counselor is not an acceptable medical source, 20

C.F.R. § 404.1513(a); however, an ALJ must consider such evidence, at a minimum, as qualified evidence or lay testimony. 20 C.F.R. § 416.913(d)(3); *Sprague v. Bowen*, 812 F.2d 1226, 1231-32 (9th Cir. 1987); *Bilby v. Schweiker*, 762 F.2d 716, 719 n. 3 (9th Cir. 1985) (per curiam). "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). "Further, the reasons 'germane to each witness' must be specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

There is significant and consistent longitudinal evidence in Mr. DeWildt's extensive treatment notes regarding the severity of plaintiff's mental health issyes and her functional limitations. Additionally, Mr. DeWildt's notes are consistent with Dr. Alonso's diagnoses and plaintiff's subjective complaints. The ALJ, however, did not appear to consider any of Mr. DeWildt's opinions in connection with determining the severity of plaintiff's impairment and the OCD reasons for plaintiff's difficulty in complying with medication. By disregarding this relevant and competent evidence, the ALJ failed to consider observations by a non-medical source as to how an impairment affects a claimant's ability to work. 20 C.F.R. § 404.1513(e)(2). Indeed, the ALJ never even mentioned Mr. DeWildt in his decision and therefore, he failed to provide any supporting rationale for completely discounting the opinions of this lay witness. In cases in which "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Robbins v. Social Security Administration*, 466 F.3d 880, 885 (9th Cir. 2006)(quoting *Stout v. Commissioner, Social Security Administration,* 454 F.3d 1050, 1055-56 (9th Cir. 2006)).

In the present case, the ALJ's silence concerning the relevant and competent opinions of plaintiff's therapist is not harmless error. Accordingly, the ALJ's treatment of Mr. DeWildt's opinion was legal error and not supported by substantial evidence.

///

### C.	Remand for Benefits or Additional Proceedings

The Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *see also McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir.1989)(whether to reverse and remand for further administrative proceedings or to reverse and remand for an immediate award of benefits is within the discretion of the Court). "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990) (*quoting Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981)). Accordingly, remand is appropriate if the record is incomplete and additional evidence could complete the record. *Id.*

But if: (1) the ALJ failed to provide legally sufficient reasons for rejecting plaintiff's evidence; (2) there are no outstanding issues to be resolved; and (3) it is clear that the ALJ would be required to find Claimant disabled if plaintiff's evidence were credited, the court should credit the evidence rejected by the ALJ and remand for award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

The Appeals Council previously remanded this case to the ALJ to obtain Dr. Alonso's treatment records for plaintiff; to "address all relevant lay statements and testimony providing supporting rational for the weight assigned thereto and . . . further evaluate the claimaint's subjective complaints and provide rational in accordance with the disability regulations pertaining to evaluation of symptoms . . . . " (Record at 12.)  Given this task, the ALJ failed to accord proper weight to plaintiff's treating psychiatrist, Dr. Alonso, and to consider the lay statements and records of Thomas DeWildt, plaintiff's therapist.

To remand this matter for yet another examination by the ALJ would serve no useful purpose – all three factors that the Court must consider support plaintiff's request to remand the matter for an award of benefits. The ALJ did not meet the Commissioner's burden to provide specific, legitimate and legally adequate reasons for rejecting claimant's treating psychiatrist's opinions and for failing to address in his decision Mr. DeWildt's opinions and records. As a

result, Dr. Alonso's opinions regarding claimant's mental impairments and her limitations must be accepted. There are no outstanding issues because, if plaintiff's evidence is credited, the ALJ would be required to find plaintiff disabled. Moreover, on remand from the Appeals Council, the ALJ had an opportunity to review the records and make additional findings. The ALJ's most recent findings remain legally insufficient. There is no reason to believe that another opportunity will result in a more complete or reasoned decision. Accordingly, the Court finds that remand for an immediate award of benefits is appropriate.

### D. Conclusion

Based on the foregoing, **IT IS ORDERED**:

1. **ADOPTING** the magistrate judge's Report in its entirety;
2. **OVERRULING** defendant's objections;
3. **GRANTING** plaintiff's motion for summary judgment [doc. #11];
4. **DENYING** defendant's motion for summary judgment [doc. #14];
5. **REMANDING** this action for an award of benefits;
6. **DIRECTING** the Clerk of the Court to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: March 10, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL